**RUSING LOPEZ & LIZARDI, P.L.L.C.**
16427 N. Scottsdale Road, Suite 200
Scottsdale, AZ 85254
Telephone: (602) 261–7101
Facsimile: (480) 863-1523
twitthoft@rllaz.com

Theodore P. Witthoft
State Bar No. 021632

Attorneys for Beaver Creek Golf Resort, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SEDONA VINEYARDS LLC,<br><br>Debtor. | In Proceedings Under Chapter 11,<br><br>Subchapter V<br><br>Case No. 2:24-bk-09126-BMW<br><br>**OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO:**<br>**(i) OBTAIN CREDIT SECURED BY A FIRST**<br>**PRIORITY SECURITY INTEREST IN ASSETS OF THE ESTATE PURSUANT TO DIP FINANCING FROM 364 CAPITAL LLC;**<br>**(ii) APPROVAL OF DIP FINANCING;**<br>**(iii) GOOD FAITH DETERMINATION; and**<br>**(iv) WAIVER OF STAY**<br><br>**Hearing Date: December 18, 2024**<br>**Hearing Time: 10:00 a.m.**<br>**Hearing Location: Via Videoconference** |

Beaver Creek Golf Resort, LLC ("Beaver Creek"), by and through its attorneys, Rusing Lopez & Lizardi, P.L.L.C., hereby submits Beaver Creek's objection ("Objection")

to the *Debtor's Motion for Authority to: (i) Obtain Credit Secured by A First Priority Security Interest in Assets of The Estate Pursuant to DIP Financing from 364 Capital LLC; (ii) Approval of DIP Financing; (iii) Good Faith Determination; and (iv) Waiver Of Stay* filed by Sedona Vineyards LLC ("Debtor") at Docket No. 27 ("DIP Financing Motion"). The DIP Financing Motion should be denied, because the real property at issue is no longer property of the estate. This Objection is supported by the accompanying Memorandum of Points and Authorities, and the entire record before the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Background

1. Debtor filed its present bankruptcy case on October 25, 2024 ("Petition Date"). On the same day as the Petition Date, approximately 4-5 hours prior to the present case being filed, the Debtor's previous Chapter 11 bankruptcy case, pending at case number 2:24-bk-07991-MCW ("First Chapter 11 Case"), was dismissed for the Debtor's failure to file its schedules and statements. *See Order Dismissing Case* attached as **Exhibit A** to *Beaver Creek Golf Resort, LLC's Motion 1) to Declare Stay Inapplicable, Pursuant to 11 U.S.C. § 362(n); Or Alternatively, 2) To Lift Stay Against Property, Pursuant to 11 U.S.C. § 362(d) filed* by Rusing Lopez & Lizardi, P.L.L.C. at Docket No. 36 ("Sec. 362(n) Motion"), which is incorporated herein by this reference.

2. Prior to the filing of the Debtor's First Chapter 11 Case, Beaver Creek initiated a deed of trust sale concerning Debtor's real property located in Yavapai County ("Real Property"), based upon Beaver Creek's secured interest encumbering the Real Property. The Real Property is more fully described in the *Trustee's Deed Upon Sale* ("Trustee Deed") attached as **Exhibit B** to the Sec. 362(n) Motion and incorporated herein by this reference.

3. The deed of trust sale was stayed based upon the First Chapter 11 Case. The deed of trust property was then properly continued to October 31, 2024. The First Chapter 11 Case was dismissed on October 25, 2024, and no motion to reinstate the First Chapter 11 Case was filed. Instead, the Debtor initiated the present case.

4. For unknown reasons, the Master Mailing list was not filed with the Court on the Petition Date in this case, notwithstanding that a Master Mailing list had already been prepared and filed in the First Chapter 11 Case. The Master Mailing was not filed in the present case until October 31, 2024, and notice of this bankruptcy case was not mailed out until November 3, 2024. *See* docket numbers ("DN") 14 and 18. Consequently, Beaver Creek did not receive notice of the present case until after the completion of the October 31, 2024, deed of trust sale of the Real Property.

5. The deed of trust sale of the Real Property was concluded on October 31, 2024, and the Trustee Deed was recorded that same day. The deed of trust sale resulted in the Real Property reverting to Beaver Creek based upon its credit bid.

6. The Debtor has conceded it is a "small business debtor" as defined in 11 U.S.C. § 101(51D). *See Bankruptcy Petition* filed in present case, item 8, DN 1 attached to the Sec. 362(n) Motion as **Exhibit C** and incorporated herein by this reference.

## LEGAL ARGUMENT

**The automatic stay was not in effect on the Petition Date or on the date of the deed of trust sale of the Real Property, pursuant to 11 U.S.C. § 362(n)**

In relevant part, Section 362(n) of the United States Bankruptcy Code provides:

(n)(1) Except as provided in paragraph (2), *subsection (a) does not apply in a case* in which the debtor--

(B) was a debtor in a *small business case* that was dismissed for *any reason* by an order that became *final in the 2-year period ending on the date of the order for relief* entered with respect to the petition.

*See* 11 U.S.C. § 362(n)(B) (emphasis supplied).

A "small business case" means "a case filed under chapter 11 of this title in which the debtor is a *small business debtor* and *has not elected that subchapter V of chapter 11 of this title shall apply*." *See* 11 U.S.C. § 101(51C) (emphasis supplied). The definition of a "small business debtor" does not include any requirement that a debtor note on its bankruptcy petition that it is in fact a small business debtor. A small business debtor simply means "a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $3,024,725 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor." *See* 11 U.S.C. § 101(51D). As set forth above, the Debtor has conceded it is a "small business debtor" and meets the statutory definition. Moreover, the Debtor did not elect to have subchapter V apply in the First Chapter 11 Case, which would have otherwise precluded the First Chapter 11 Case from being a "small business case." *See Bankruptcy Petition in First Chapter 11 Case* attached to the Sec. 362(n) Motion as **Exhibit D** and incorporated herein by this reference. Accordingly, the Debtor was a small business debtor in a "small business case" in the First Chapter 11 Case.

The First Chapter 11 Case was dismissed for the Debtor's failure to file its schedules and statements. Debtor's dismissal for failure to file its schedules and statements certainly falls within the broad requirements of 11 U.S.C. § 362(n)(1)(B) that the previous case was

dismissed for "any reason."  The Order dismissing the First Chapter 11 Case is now final[1]
and it was entered within two years prior to the present Petition Date.[2]  Accordingly, the
elements of Section 362(n)(1) have been met and the stay did not come into effect in this
case.  *In re Brendan Gowing, Inc.*, 661 B.R. 565, 568-570 (Bankr. S.D. Tex. 2024); *In re
Abundance Life Worship Co. of Hinesvill, GA, Inc.*, 2020 WL 7635272 (Bankr. S.D. Ga. Dec.
16, 2020).

No exception to Section 362(n)(1) applies in this case.  Section 362(n)(2)(B) provides an exception to Section 362(n)(1)(B) under certain circumstances not applicable in this case whereby a debtor has the burden of establishing that the automatic stay did come into effect upon the filing of the petition in the latter case.  Specifically, that exception provides:

> (2) Paragraph (1) does not apply—
>
> > (B) to the filing of a petition if—
> >
> > (i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case, then pending was filed; and
> >
> > (ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

*See* 11 U.S.C. § 362(n)(2)(B). Section 362(n)(2)(B) exception only when there are <u>two cases pending at the same time</u>.  *Palmer v. Bank of the West*, 438 B.R. 167, 168 (E.D. Wis. 2010); *In re Abundant Life Worship Center of Hinesville, Ga, Inc.*, 2020 WL 7635272 (Bankr. S.D. GA Sept. 16, 2020).  The Debtor never had two cases pending at the same time.  The First

---

[1] *See Andover Covered Bridge*, LLC, 553 B.R. 162 (B.A.P. 1st Cir. 2016) (dismissal order is a final order); 28 U.S.C. § 158(a)(1).

[2] Indeed, the dismissal of the First Chapter 11 Case occurred within a few hours of the filing of Debtor's present case.

Chapter 11 Case was dismissed hours before the present case was filed. Accordingly, the Section 362(n)(2)(B) exception is inapplicable.[3]

### **The Real Property has been foreclosed and is no longer property of the estate.**

As set forth above, the Real Property has been foreclosed. Accordingly, the Real Property is no longer property of the estate and cannot be used as collateral for the loan contemplated in the DIP Financing Motion. Therefore, the relief sought by the Debtor should be denied.

### **CONCLUSION**

For the reasons set forth herein, Beaver Creek respectfully requests the Court to deny the Debtor's DIP Financing Motion.

Respectfully submitted this 4th day of December 2024.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Theodore P. Witthoft*
Theodore P. Witthoft
Attorneys for Creditor Beaver Creek
Golf Resort, LLC

---

[3] Section 362(n)(2)(A) pertains to involuntary bankruptcy cases, which is also inapplicable in this case.

COPIES of the foregoing were served December 4, 2024 via the Court's CM/ECF Notification System on all parties that requested notice in this case, including counsel for the Debtor(s), if any, identified below, with additional COPIES *e-mailed or mailed by U.S. Mail to the following parties as indicated below on December 4, 2024:

*Ronald J. Ellett
Ellett Law Offices, P.C.
2999 North 44th Street
Suite 330
Phoenix, AZ 85018
Email: Rjellett@Ellettlaw.Com

*Dawn M. Maguire
Trustee Maguire
10115 E. Bell Rd., Ste. 107 #498
Scottsdale, AZ 85260
Email: Trustee@Maguirelawaz.Com

*Patty Chan
Office Of The United States Trustee
230 N. First Ave., #204
Phoenix, AZ 85003
Email: Patty.Chan@Usdoj.Gov

By U.S. Mail:

Sedona Vineyards LLC
2024 N. 7th Street, Ste 202
Phoenix, AZ 85006


By:  */s/ G. Leckbee*

7
Case 2:24-bk-09126-BMW    Doc 41    Filed 12/04/24    Entered 12/04/24 15:04:35    Desc
Main Document    Page 7 of 7