Ronald J. Ellett, Esq. (Bar No. 012697)
Ellett Law Offices, PC
2999 N. 44th Street, Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510

*Attorney for **Debtor***

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11, Subchapter V |
| SEDONA VINEYARDS LLC, | Case No. 2:24-bk-09126-BMW |
| Debtor. | **MOTION TO APPROVE BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019** |

Sedona Vineyards LLC ("Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, hereby moves this Court for approval of a settlement agreement (the "Settlement Agreement") with Beaver Creek Golf Resort, LLC ("Beaver Creek"). This Motion is supported by the following Memorandum of Points and Authorities. The entire terms of the Settlement Agreement are set forth below in Section III, "Terms of Settlement."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  General Background**

1. The Debtor filed this Chapter 11 Subchapter V bankruptcy on October 25, 2024. The debtor's pervious Chapter 11 bankruptcy (2:24-bk-07991-MCW) was dismissed, hours prior to the present case being filed, for the Debtor's failure to file its schedules and statements.

2. Prior to the filing of the Debtor's first Chapter 11 case, Beaver Creek initiated a trustee's sale for the Debtor's commercial real property located in Yavapai County.

3. The deed of trust sale was stayed based upon the First Chapter 11 Case. The deed of trust property was then continued to October 31, 2024.

1

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

4. The deed of trust sale of the Real Property was concluded on October 31, 2024, and the Trustee Deed was recorded that same day.

5. On November 24, 2024, Beaver Creek filed *Beaver Creek Golf Resort, LLC's Motion to Declare Stay Inapplicable, Pursuant to 11 U.S.C. §362(n); or, Alternatively, to Lift Stay Against Property, Pursuant to 11 U.S.C. §362(d)* (Docket No. 36). The Debtor disputes Beaver Creek's assertions and alleges the deed of trust sale was void and there are not grounds to lift the stay.

6. Beaver Creek and the Debtor have agreed to resolve the issues concerning the Real Property and any and all claims they may have against each other under the terms set forth herein ("Stipulation"). The Real Property is more particularly described in **Exhibit A**.

## II. The Existing Disputes Between Beaver Creek and the Debtor

1. Beaver Creek filed *Beaver Creek Golf Resort, LLC's Motion to Declare Stay Inapplicable, Pursuant to 11 U.S.C. §362(n); or, Alternatively, to Lift Stay Against Property, Pursuant to 11 U.S.C. §362(d)* (Docket No. 36). The Debtor disputes Beaver Creek's assertions and alleges the deed of trust sale was void and there are not grounds to lift the stay.

2. The Debtor contends that the amount owed to Beaver Creek is $34,000.00 less than alleged by Beaver Creek. Beaver Creek has agreed to a $34,000.00 credit. (see Stipulation attached as **Exhibit D**, paragraph 7)

## III. Terms and Conditions of the Stipulation

The following terms are copied verbatim from the attached signed Stipulation:

1. On or before March 31, 2025 ("Close Date"), the Debtor shall pay Beaver Creek the full amount owed on the Close Date under the terms of Beaver Creek's loan(s) to Debtor plus attorney's fees, costs, and interest. As of November 24, 2024, Debtor owed Beaver Creek $2,144,259.57 as follows: (1) Stipulated amount due as of September 13, 2024, per 4th Amended

and Restated Forbearance Agreement: $2,040,476.95; (2) 14% Default Interest 9/13/24-11/24/24: $56,339.84 – Plus a daily rate of $793.52 thereafter (at closing, Beaver Creek shall provide a final payoff statement for the amount owed on the Close Date to the title company handling Debtor's DIP Financing loan ("Title Company"); (3) Ambrosio Forbearance & Foreclosure Legal: $15,416.25; (4) Fees and Costs (posting, trustee sale guarantee, caller fees, recording, etc.): $2,466.33; Miscellaneous 3rd party fees - Account Servicing; $470; (5) RLL bankruptcy related fees and costs of $28,296.68; and (6) a credit to Debtor totaling $34,000 under the original purchase agreement and addendum thereto.

2. Upon the successful closing of the loan and distributions set forth in paragraph 8 above, Beaver Creek shall execute a *Request for Assignment of Surface Water Filings* ("Request for Assignment") in the form attached hereto as **Exhibit B** and incorporated herein by this reference. Other than the execution of the Request for Assignment as set forth herein, Beaver Creek shall have no other responsibilities concerning the transfer of any water rights pertaining to the Real Property.

3. The Debtor shall pay the full amount of the 2024 property taxes for the real property (which is approximately $11,161.20) on or before January 31, 2025.

4. Except as set forth herein, the Debtor and its bankruptcy estate hereby waive and release any and all claims it may now have, or ever has had, under State or Federal law, against Beaver Creek.

5. Except as set forth herein, Beaver Creek hereby waives and releases any and all claims it may now have, or ever has had, under State or Federal law, against the Debtor and this estate.

6. In the event of a default by Debtor of the terms of this Stipulation: (a) Beaver Creek shall be authorized to submit a form of order which the Debtor agrees shall be entered by the Court declaring that there was no automatic stay in place on the petition date and on the date of the trustee sale (October 31, 2024) and that Beaver Creek's foreclosure of the real property described in the October 31, 2024, trustee deed was valid and proper under Arizona law and pursuant to 11 U.S.C. Sec. 362(n) in the form attached hereto as **Exhibit C** and incorporated

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

herein by this reference ("Section 362(n) Order"); (b) Beaver Creek shall be authorized to pursue any and all remedies Beaver Creek may have against the Debtor stemming from the loan documents and loan agreement between the Debtor and Beaver Creek; and (c) The Debtor shall immediately vacate the Real Property.

7. The proof of claim deadline for Beaver Creek shall be extended to April 18, 2025.

8. For purposes of this Stipulation, Beaver Creek agrees to set aside the October 31, 2024, trustee deed of the Real Property and, except as set forth in the event of a default, the Real Property shall be considered property of this bankruptcy estate, and Beaver Creek will execute documents to effectuate setting aside the trustee deed that will be provided to the Title Company and Beaver Creek authorizes the Title Company to record said documents at the timely closing of the loan. However, the documents described herein in this paragraph shall be deemed void in the event of a default by the Debtor and entry of the Section 362(n) Order.

9. The Close Date may only be extended by the written consent of Beaver Creek.

10. The parties are authorized to prepare and execute any documents reasonably necessary to effectuate the terms of this Stipulation.

11. This Stipulation is subject to Bankruptcy Court approval, pursuant to Bankruptcy Rule 9019.

The approved terms of this Stipulation shall be incorporated into any future plan of reorganization submitted by the Debtor to the Bankruptcy Court.

## IV. Approval of the Settlement

The approval of a settlement agreement is governed by the standards set forth in *In re Woodsen*, 839 F.2d 610 (9th Cir. 1988). In *Woodsen*, the court identified the following facts as being necessary to determine whether a settlement is in the estate's best interests:

(1) the probability of success in the litigation;

(2) the difficulties of collection;

(3) the complexities of the litigation and the expense, inconvenience and delay caused by such litigation; and

Case 2:24-bk-09126-BMW    Doc 43    Filed 12/12/24    Entered 12/12/24 16:47:56    Desc
Main Document    Page 4 of 7

(4)  the interest of the creditors with reasonable deference to their reasonable views. *Woodsen*, 839 F.2d at 620.

It is submitted that the Settlement Agreement meets the *Woodsen* factors.

**The Probability of Success in the Litigation:**

Beaver's Motion for Relief from Stay argues (1) that there is no stay in place under 362(n); and alternatively (2) that the stay should be lifted for a failure to offer adequate protection payments. The 362(n) argument is novel. Beaver Creek seeks to reclassify the first bankruptcy by the debtor as a small business bankruptcy, even though it was not filed as a small business bankruptcy. This issue would be a case of first impression.

The facts of this case raise another issue of first impression. Beaver Creek claims that it continued its Trustee Sale during the first case by oral pronouncement with no one present and no written notice to the Debtor. The Debtor contends that such a procedure is a stay violation. The debtor is mindful that the 9th Circuit in the case of *In re Roach* 660 F.2d 1316 (9th Cir.) held that a continuation of a Trustee Sale under Alaska's statutory scheme did not violate the Automatic Stay. However, the Alaska statutory scheme requires <u>written</u> notice of the continuation date, something that is essential to due process and was not present in the facts at bar. The continuation under Arizona statutes is not merely a preservation of the status quo but instead imposes an additional burden on the Debtor to travel <u>in person</u> to the sale location and await the oral continuation information. This is not the mere preservation of the status quo, but an additional, and entirely unnecessary burden on a bankruptcy debtor. Further, *In re Roach* has been criticized by more recent decisions, including the case of *In re Lynn-Weaver,* 385 B.R. 7 (Bankr D. Mass 2008) which declined to follow its holding for other reasons.

The parties have also not been able to reach an agreement on the amount of adequate protection that is needed. The stipulation resolves this issue on favorable terms to the debtor

5

allowing it to have the benefits of the stay through March 31, 2025 with no adequate protection payments, except for the payment of the property taxes in the approximate amount of $11,161.20.

**The Difficulties of Collection:**

There are no collection issues involved in this dispute, so this factor is neutral in this case.

**The Complexity of the Litigation and the Expense:**

As set forth above, there are at least two novel appellate arguments that could be pursued in this case. However, both sides desire that the matter be amicably resolved without the attorney fees that could be incurred by briefing a series of appeals. Further, a lis pendens could be filed by the appealing party, which could delay the prevailing party from moving forward. Neither side wants to see the case descend into such a legal morass.

**The Interests of the Creditors:**

This case involves the redevelopment of a former golf course encompassing 108.73 acres of land in Yavapai County. The existing loan was a seller back balloon note where the balloon has come due. The debtor has no liquid assets from which to make adequate protection payments. From its outset, the success of this case rises and falls on the Debtor's ability to either quickly sell or refinance the property. The settlement with Beaver Creek gives the debtor the chance to sell or refinance the property over the next 3 and a half months. Without one of these two events, the Debtor has no chance at successful reorganization. It is in the best interest of the unsecured creditors that the Debtor enter into this deal and pursue the sale or refinance of the property.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order approving this Motion.

**DATED** this 12th day of December, 2024.

        ELLETT LAW OFFICES, PC
        */s/ Ronald J. Ellett*
        Ronald J. Ellett, Esq.
        2999 N. 44th Street, Suite 330
        Phoenix, Arizona 85018

copy of the foregoing sent via first class mail this 12th day of December, 2024, to:

All entries on the attached Master Mailing Matrix.

/s/ Ashley Lannon