UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# MINUTE ENTRY

### Hearing Information

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 2:24-bk-09126-BMW |
| Debtor(s): | SEDONA VINEYARDS LLC |
| Chapter: | 11 |
| Date and Time: | 12/18/2024 10:00 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Rhianna Dominguez |

### Matter(s)

1. CHAPTER 11 SUBCHAPTER V CASE MANAGEMENT STATUS HEARING
R/M: 1 / 12

2. DEBTOR'S MOTION FOR: (i) AUTHORITY TO OBTAIN CREDIT SECURED BY A FIRST PRIORITY SECURITY INTEREST IN ASSETS OF THE ESTATE PURSUANT TO DIP FINANCING FROM 364 CAPITAL LLC; (ii) APPROVAL OF DIP FINANCING; (iii) GOOD FAITH DETERMINATION; and (iv) WAIVER OF STAY
R/M: 27 / 34

3. PRELIMINARY HEARING ON BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d)
R/M: 36 / 37

### Appearances

RONALD J. ELLETT, REPRESENTING SEDONA VINEYARDS, LLC AND APPEARING BY VIDEOCONFERENCE
DOUG EDGELOW, SEDONA VINEYARDS LLC, APPEARING BY VIDEOCONFERENCE
DAWN MAGUIRE, SUBCHAPTER V TRUSTEE, APPEARING BY VIDEOCONFERENCE
TED WITTHOFT, REPRESENTING BEAVER CREEK GOLF RESORT, LLC AND APPEARING BY VIDEOCONFERENCE
PATTY CHAN, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
BRADLEY STEVENS, REPRESENTING THE ARIZONA DEPARTMENT OF REVENUE AND APPEARING BY VIDEOCONFERENCE

### Proceedings

ITEM 1: CHAPTER 11 SUBCHAPTER V CASE MANAGEMENT STATUS HEARING

ITEM 2: DEBTOR'S MOTION FOR: (i) AUTHORITY TO OBTAIN CREDIT SECURED BY A FIRST PRIORITY SECURITY INTEREST IN ASSETS OF THE ESTATE PURSUANT TO DIP FINANCING FROM 364 CAPITAL LLC; (ii) APPROVAL OF DIP FINANCING; (iii) GOOD FAITH DETERMINATION; and (iv) WAIVER OF STAY

ITEM 3: PRELIMINARY HEARING ON BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d)

**ITEM 1**

Mr. Ellet reports that the Debtor has complied with the requirements of §§ 1187(a) and (b). The Debtor attended the IDI and the 341 meeting. There are no special issues on this case and there are no employees.

The Court asks how much counsel received for prepetition work.

Mr. Ellet reports that he received $4,913.00 for legal fees and the filing fee. The remaining $8,349.00 is in the trust account.

The Court notes that this Debtor has no income, no revenue, and no employees.

Mr. Ellet confirms that the Court's understanding is correct.

The Court notes that a non-debtor controls the property of the estate.

Mr. Ellet disagrees.

The Court asks about the title.

Mr. Ellet reports that there is a dispute as to title. The Debtor takes the position that the post-petition trustee sale violated the stay. The parties have reached a resolution as to the title issues which is out on negative notice.

**MOTION TO APPROVE SETTLEMENT (DE 43)**

The Court states that the proposed settlement requires the Debtor to pay the full amount of the 2024 property taxes by January 31, 2025. The Debtor would also be required to pay Beaver Creek's claim in full by March 31, 2025. Beaver Creek is not obligated to set aside the trustee's deed until after those two tasks have been completed. The motion reads as if the property is titled to Beaver Creek.

Mr. Ellet reports that Beaver Creek has recorded a trustee's deed. The Debtor takes the position that the deed is not valid.

The Court states that this motion may not be approved on negative notice given the terms of the settlement.

The Court asks if any of the parties have concerns.

Ms. Maguire reports that if all of the current agreements get approved and all of the parties perform as they have agreed, then this is salvageable. The parties need to address what will happen if the property taxes are paid and then the Debtor defaults.

The Court asks how the property taxes will be paid.

Mr. Ellet reports that the property taxes will be paid by a capital contribution from the Debtor's members on the Debtor's behalf.

Ms. Chan reports that the documentation provided for the IDI indicated that the insurance policy has lapsed. She is waiting for updated insurance documentation.

The Court asks if the U.S. Trustee is concerned that this property may be held and controlled by a third party.

Ms. Chan reports that it is her understanding that the Debtor is currently occupying the property. If

the issue is resolved, then the Debtor may be in a position to quickly go forward with a take out loan.

**ITEM 2**
The Court notes that the commitment is not a binding document and is still subject to 45-day due diligence. The lender can walk away at any time. The Debtor is seeking DIP financing instead of exit financing through the plan. Approval at this stage would be premature given the conditions precedent. One of those conditions requires good title to the property and the Debtor will not be able to meet that condition until there is a settlement with Beaver Creek.

Mr. Ellet agrees that there is a 45-day due diligence. The terms are the best terms available under the circumstances. He argues in support of the motion. The parties agreed not to lodge an order approving the DIP financing until after the Court approves the pending settlement.

The Court states that the conditions in the DIP financing motion require a final order prior to December 31, 2024. That is not possible given that the objection deadline for the Motion to Approve Settlement does not run until January. Additionally, this Court does not have sufficient information to make a determination without the loan documents.

Mr. Ellet reports that the lender will extend the deadline.

The Court discusses its concerns regarding the proposed loan terms and the fees associated with the loan. According to the proposed terms, only one creditor will be paid.

Mr. Ellet reports that the Debtor will file an updated motion to address the Court's concerns. Beaver Creek sold the property to the Debtor and took a seller carryback. The note has been extended and the balloon payment was due prepetition. The Debtor intends to subdivide and sell the land.

The Court notes that the commitment refers to the loan as exit financing. If the Debtor wants to put a deal together with exit financing through a plan, then the Court will consider it.

COURT: IN ADDITION TO ALL OF THE OTHER CONCERNS RAISED BY THE COURT, THE COMMITMENT HAS EXPIRED BY ITS TERMS. THERE HAS NOT BEEN SUFFICIENT NOTICE TO CREDITORS. THERE IS NOT SUFFICIENT INFORMATION FOR THE COURT TO MAKE A DETERMINATION AS TO WHETHER THIS LOAN IS IN THE DEBTOR'S BEST INTERESTS. THE LOAN WILL NOT BE APPROVED AT THIS TIME.

**ITEM 3**
Mr. Witthoft requests a continued hearing regarding the Moton to Declare the Stay Inapplicable.

Mr. Ellet requests a hearing on the Motion to Approve Settlement prior to a hearing on the Motion to Declare the Stay Inapplicable in order to avoid the costs for briefing the Motion to Declare the Stay Inapplicable.

COURT: THE PARTIES ARE TO CONFER REGARDING SCHEDULING AND THEN CONTACT THE COURTROOM DEPUTY TO REQUEST HEARING DATES.

**SUBSEQUENT TO THE HEARING**
COURT: A CONTINUED PRELIMINARY HEARING REGARDING BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d) IS SET FOR JANUARY 28, 2025 AT 10:30 A.M. A HEARING

REGARDING THE MOTION TO APPROVE BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019 IS SET FOR THE SAME DATE AND TIME. ANY RESPONSES TO THE MOTIONS ARE TO BE FILED NO LATER THAN 5:00 P.M. ON JANUARY 14, 2025.

ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 160 546 7725 AND THE PASSCODE IS 176614.

CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM CLERK REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.