Ronald J. Ellett, Esq. (Bar No. 012697)
Ellett Law Offices, PC
2999 N. 44th Street, Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510

*Attorney for **Debtor***

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 11, Subchapter V |
|---|---|
| | Case No. 2:24-bk-09126-BMW |
| SEDONA VINEYARDS LLC, | **DEBTOR'S RESPONSE TO BEAVER CREEK GOLF RESORT, LLC'S MOTION TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. §362(n); OR, ALTERNATIVELY, TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. §362(d)** |
| Debtor. | |

The Debtor, by and through undersigned counsel, hereby responds to *Beaver Creek Golf Resort, LLC's Motion to Declare Stay Inapplicable, Pursuant to 11 U.S.C. §362(n); or, Alternatively, to Lift Stay Against Property Pursuant to 11 U.S.C. §362(d)* (Docket No. 36) ("Beaver Creek Motion").

**FACTS**

1. The Debtor's first case (2:24-bk 07991-MCW) was filed on September 23, 2024 without a small business designation.

2. The first case closed on October 25, 2024 without anyone ever challenging the Debtor's designation.

3. The Debtor's current case was filed on October 25, 2024.

4. Beaver Creek alleges it completed its Trustee's Sale on October 31, 2024. It then recorded the Trustee's Deed on the same day.

**ARGUMENT**

The Beaver Creek Motion alleges in the alternative that there never was a stay in this bankruptcy case, or that the stay should be lifted for cause. This Motion should be denied because neither argument is well-taken.

**The Movant's Reliance on 11 U.S.C. §362(n) is Misplaced**

Beaver Creek seeks to reclassify Debtor's prior bankruptcy case as a small business case even though it was not designated as a small business case by the Debtor. In doing so, Beaver Creek ignores Fed. R. Bankr. P. 1020(a) which states "the status of a case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." No such order was ever entered by the Court in Debtor's prior case. Accordingly, when Debtor filed it second case on October 25, 2024, 11 U.S.C. §362(n) had no applicability because, pursuant to Rule 1020(a), the status of the prior case was in accordance with the Debtor's statement.

Beaver Creek completely ignores Rule 1020. Further, none of the cases cited by Beaver Creek remotely stand for the position that this Court should ignore the plain language of Rule 1020(a).

**Beaver Creek's Motion Fails to Meet its Burden of Proof on the Issue of Debtor's Equity**

It is well-established that the Movant in a Motion for Relief from Stay bears the burden of proof on the issue of debtor's equity in the property 11 U.S.C. §362(g). Beaver Creek presents no evidence on the value of the property. The only evidence before the Court is that the value is at least $6 million dollars. Which is supported by the Debtor's manager's testimony based on his considerable knowledge and experience as well as a Broker's Opinion of Value (see attached Statement Under Penalty of Perjury). Beaver Creek's claim is only $2,142,788.81. Therefore, there

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

exists a considerable equity cushion and Beaver Creek is adequately protected. Accordingly, Beaver Creek has not carried its burden on this issue and its Motion should be denied.

"[T]he existence of an equity cushion, standing alone, can provide adequate protection." *In re Rizotto*, 2009 WL 2477232, at *4 (Bankr. D. Mont. Aug. 11, 2009) (quoting *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984)). Based on the value of $6 million and giving full credit to Beaver Creek's assertion of a $2,142,788.81 secured claim, there is an equity cushion in excess of 150%. This far exceeds the amount necessary for adequate protection. "Case law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection." *In re Mendoza*, 111 F.3d 1264, 1272 (5th Cir.1997) (quoting *In re Kost*, 102 B.R. 829, 831 (Bankr. D. Wyo. 1989)); see also *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 305–06 (Bankr. D. Del. 2011*); In re McKillips*, 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987) (surveying adequate protection cases and finding case law agreement on a 20% equity cushion being sufficient, 11% being insufficient, and cases conflicting in the middle). *In re San Clemente Estates*, 5 B.R. 605 (Bankr.S.D.Cal.1980) (65% is adequate); *In re Ritz Theaters, Inc*., 68 B.R. 256 (Bankr.M.D.Fla.1986) (38% is adequate); *In re Dunes Casino Hotel*, 69 B.R. 784 (Bankr.D.N.J.1986) (30% is adequate); and *In re Nashua Trust Co*., 73 B.R. 423 (Bankr.D.N.J.1987) (50% adequate).

Here, the equity cushion of over $3.5 million dollars on a $2.1 million dollar claim provides adequate protection to Beaver Creek.

**Conclusion**

The Motion should be denied.

**DATED** this 14th day of January, 2025.

            ELLETT LAW OFFICES, P.C.

             /s/ *Ronald J. Ellett*
            Ronald J. Ellett
            2999 North 44th Street, Suite 330
            Phoenix, Arizona 85018

copy of the foregoing sent via email this 14th day of January, 2025, to:

Dawn M. Maguire
Trustee Maguire
10115 E. Bell Rd., Ste. 107 #498
Scottsdale, AZ 85260
Email: Trustee@Maguirelawaz.com

Patty Chan
Office of the United States Trustee
230 N. First Ave., #204
Phoenix, AZ 85003
Email: Patty.Chan@usdoj.gov

Theodore P. Witthoft
RUSING LOPEZ & LIZARDI, P.L.L.C.
16427 N. Scottsdale Road, Suite 200
Scottsdale, AZ 85254
Email: twitthoft@rllaz.com

/s/ *Ashley Lannon*

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510