Ronald J. Ellett (Bar No. 012697)
Ellett Law Offices, PC
2999 N. 44th Street, Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510
Facsimile: (602) 235-9098

*Attorney for **Debtor***

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 11, Subchapter V |
|---|---|
| | Case No. 2:24-bk-09126-BMW |
| SEDONA VINEYARDS, LLC, | |
| | **CHAPTER 11 SUBCHAPTER V** |
| Debtor. | **PLAN OF REORGANIZATION** |

Sedona Vineyards, LLC, Debtor-in-Possession in the above captioned bankruptcy estate, submits to the Court and Creditors of the estate the following Chapter 11 Subchapter V Plan of Reorganization (the "Plan"), pursuant to §1121(a) of the Bankruptcy Code.

1

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

# TABLE OF CONTENTS

ARTICLE I – DEFINITIONS......................................................................................1

A.      DEFINED TERMS....................................................................................1

B.      RULES OF CONSTRUCTION..................................................................8

ARTICLE II - OBJECTIVE OF THE REORGANIZATION...................................8

ARTICLE III - POST CONFIRMATION OPERATIONS......................................9

A.      THE DEBTOR.........................................................................................9

B.      COMPENSATION OF POST CONFIRMATION MANAGEMENT..........  9

ARTICLE IV - ANTICIPATED POST CONFIRMATION LITIGATION................9

ARTICLE V - BACKGROUND AND EVENTS LEADING TO THE CHAPTER 11...............10

ARTICLE VI - ASSUMPTION OF EXECUTORY CONTRACT AND LEASE.........................10

ARTICLE VII - DEFINITION AND TREATMENT OF CLAIMS............................10

A.      SUMMARY OF CLASSIFICATION OF CLAIMS AND INTERESTS...........10

B.      AMOUNTS OF CLAIMS AND INTERESTS.................................................11

C.      IDENTIFICATION OF CLASSES IMPAIRED BY THE PLAN                  13

ARTICLE VIII - OWNERSHIP OF THE DEBTOR'S ASSETS................................13

ARTICLE IX - SATISFACTION OF CLAIMS AND INTERESTS............................13

ARTICLE X - BINDING NATURE OF THE PLAN................................................14

ARTICLE XI – DISCHARGE....................................................................................15

ARTICLE XII - IMPLEMENTATION OF THE PLAN..........................................15

ARTICLE XIII - MODIFICATION OF AND AMENDMENTS TO THIS PLAN.....................17

ARTICLE XIV - RETENTION OF BANKRUPTCY COURT JURISDICTION........................17

ARTICLE XV - PREFERENCE PAYMENTS ..........................................................19

ARTICLE XVI - LIQUIDATION ANALYSIS..........................................................  19

ARTICLE XVII – FEASIBILITY AND REMEDIES UPON CONFIRMATION.....................20

ARTICLE XVIII – EXCULPATION AND LIMITATION OF LIABILITY............................21

ARTICLE XIX – REQUEST FOR CONFIRMATION................................................22

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

**ARTICLE I - DEFINITIONS**

**A.      DEFINED TERMS**

Subject to the qualifications contained in Article I, Paragraph B below, the following terms are defined as follows whenever they appear as capitalized terms and are used in this Plan. For purposes of the Plan and such defined terms, the singular and plural uses of such defined terms and the conjunctive and disjunctive uses thereof will be fungible and interchangeable (unless the context otherwise requires); and the defined terms will include masculine, feminine, and neuter genders.  Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

1.      "<u>Administrative Claim</u>" shall mean a Claim for administrative costs or expenses entitled to priority under §507(a)(1) or (b) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving the estate and operating the business of the Debtor.  Such sums shall include wages, salaries or commissions due to employees and others for services rendered after the commencement of the case, compensation for legal and other professional services and reimbursement of expenses awarded under §§330(a) or 331 of the Code and all lawful fees and charges assessed against the estate under Title 28 of the United States Code.

2.      "<u>Allowed Administrative Claim</u>" shall mean all or that portion of a Claim which both constitutes an Allowed Claim and which has been specifically allowed as an "Administrative Claim" pursuant to 11 U.S.C. §507(a)(1) or (b).

3.      "<u>Allowed Amount</u>" shall mean the amount of any Allowed Claim recognized by the Debtor as valid or allowed by a Final Order of this Court.

1

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

4.     "<u>Allowed Claim or Allowed Interest</u>" shall mean a Claim or Interest having the following characteristics:

a)     Either such Claim or Interest was listed in the Chapter 11 Schedules of the Debtor filed with the United States Bankruptcy Court for the District of Arizona (hereafter, the "Court") pursuant to §521 of the Code; and (1) such Claim or Interest was not identified in those Schedules as "disputed", "contingent" or "unliquidated"; or (2) proof of such Claim or Interest has been filed with the Court in the time and in the manner prescribed by the Court, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and

b)     No objection to the allowance of such Claim or Interest has been interposed within the periods of limitation fixed by the Court, the Code or the Federal Rules of Bankruptcy Procedure, or any order resolving any objection to the allowance of such Claim or Interest has become a Final Order.

5.     "<u>Allowed Secured Claim</u>" shall mean all or that portion of a Claim which both constitutes an Allowed Claim and which has been specifically allowed as a "secured claim" pursuant to §506(a) of the Code.

6.     "<u>Allowed Priority Claim</u>" shall mean all or that portion of a Claim which both constitutes an Allowed Claim and which is entitled to priority under §507(a), except for those Allowed Claims entitled to priority under §507(a)(8).

7.     "<u>Allowed Priority Tax Claim</u>" shall mean all or that portion of a Claim which both constitutes an Allowed Claim and which is entitled to priority under §507(a)(8).

8.     "<u>Allowed Unsecured Claim</u>" shall mean an Allowed Claim which is not an Allowed Administrative Claim, an Allowed Secured Claim, an Allowed Priority Claim or an Allowed Priority Tax Claim.

2

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

9.　　"Avoidance Claim" means a Claim or cause of action of a bankruptcy estate to avoid transfers made by the Debtor to the extent such Claim arises under §§544-551 of the Bankruptcy Code.

10.　　"Bankruptcy Code" or "Code" shall mean the federal statutes commonly referred to as the "Bankruptcy Code" and which are set forth in Title 11 of the United States Code (11 U.S.C. §101, et seq.).

11.　　"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona or the United States District Court, District of Arizona, if and when a district judge is acting as a trial judge and not an appellate judge in this Case.

12.　　"Case" shall mean the above-captioned Chapter 11 bankruptcy case of the Debtor, pending in the United States Bankruptcy Court for the District of Arizona, under Case No. 2:24-bk-05449-MCW.

13.　　"Claim" shall mean a "claim," as defined by §101(5) of the Code, against the Debtor, against property of the Debtor or against property of the Estate.

14.　　"Class" shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to this Plan.

15.　　"Collateral" shall mean any real or personal property in which a person holding a Claim asserts a lien.

16.　　"Confirmation" shall mean the signing, by a United States Bankruptcy Judge or United States District Judge acting as a trial judge and not as an appellate judge, of all orders necessary to confirm the Plan.

17.　　"Confirmation Order" shall mean the order (or orders) confirming the Plan, signed by a United States Bankruptcy Judge or United States District Judge, acting as a trial judge and not as an appellate judge, after entry of such order (or orders) on the Court's docket.

3

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

18.     "<u>Consummation of the Plan</u>" shall mean the accomplishment of all things contained or provided for in the Plan and the entry of an order closing the Case pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure.

19.     "<u>Court</u>" shall mean Bankruptcy Court as defined in this section of the Plan. When not capitalized, the word "court" shall mean such court exercising proper jurisdiction in the case as the context of the Plan makes appropriate. For example, as used in the phrase "entry of an order on the docket of the court", the term "court" can refer to the United States Bankruptcy Court for the District of Arizona, the United States District Circuit or the United States Supreme Court, depending upon which court has issued the order in the Case.

20.     "<u>Creditor</u>" shall mean any entity holding a Claim.

21.     "<u>Cure Amount</u>" shall mean the amount necessary to cure any payment arrearages with respect to any executory contracts and leases to be assumed by the Debtor.

22.     "<u>Debtor</u>" shall mean Sedona Vineyards, LLC.

23.     "<u>DIP</u>" shall mean Debtor-in-Possession.

24.     "<u>Disallowed Claim</u>" shall mean any Claim or any portion thereof that (i) has been disallowed by a Final Order of the Bankruptcy Court, (ii) is listed in the Schedules as "$0," contingent, disputed or unliquidated and as to which a proof of claim bar date has been established but no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, (iii) has been agreed to be equal to "$0" or to be expunged pursuant to the Claims Settlement Procedures Order or otherwise, or (iv) is not listed on the Schedules and as to which a proof of claim bar date has been established but no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant

4

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

25. "<u>Disputed Claim</u>" or "<u>Disputed Interest</u>" shall mean either (a) a Claim or an Interest listed in the Chapter 11 Schedules filed by the Debtor pursuant to 11 U.S.C. §521 and designated as "disputed", "contingent" or "unliquidated"; or (b) a Claim or an Interest to which an objection has been filed by a party-in-interest and which objection has not been resolved by an order which has become a Final Order on or before the Effective Date.

26. "<u>Distribution Date</u>" shall mean any of (i) the Initial Distribution Date, (ii) each Interim Distribution Date, and (iii) each Final Distribution Date.

27. "<u>Effective Date</u>" shall mean that date which is fourteen (14) days following the date of the entry of the Confirmation Order.

28. "<u>Estate</u>" shall mean the estate created in this Case under §541 of the Bankruptcy Code.

29. "<u>Equity Holder</u>" shall mean any holder of an Interest.

30. "<u>Federal Rules of Bankruptcy Procedure</u>" shall mean those rules of procedure governing bankruptcy cases, contested matters and adversary proceedings in those cases which have been promulgated pursuant to 28 U.S.C. §2075, and any amendments to those rules applicable to this Case.

31. "<u>Final Order</u>" shall mean an order or judgment entered on the Court's official docket and which: (a) has sufficient finality under applicable law to be appealable as of right, (b) has been entered on the court's docket for a sufficient period of time such that the filing of any notice of appeal from it is subject to being dismissed as commencing an untimely appeal, (c) has not been reversed, (d) is not stayed, (e) is not the subject of a pending motion seeking relief from

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

it, reconsideration of it, or to alter or amend it, and (f) is not the subject of a pending appeal or a pending motion for review or rehearing on appeal.

32.     "<u>General Unsecured Claim</u>" shall mean a Claim, other than an Administrative Claim, a Priority Tax Claim or a Secured Claim.

33.     "<u>Impaired</u>" shall mean any Claim or Interest that is impaired within the meaning of §1124 of the Bankruptcy Code.

34.     "<u>Impaired Claims</u>" shall mean any Claim or Interest which is modified by this Plan.

35.     "<u>Insider</u>" shall mean a person or entity that would be an "insider" of such person under §101(31) of the Bankruptcy Code, if such person were a Debtor.

36.     "<u>Interest</u>" shall mean the interests, whether or not asserted, of any holder of an equity security of the Debtor on the Order for Relief Date, as defined in §101(17) of the Bankruptcy Code.

37.     "<u>Lien</u>" has the meaning set forth in §101(37) of the Bankruptcy Code.

38.     "<u>Petition</u>" shall mean the petition for relief under Chapter 11 of Title 11, United States Code filed by the Debtor on October 26, 2024.

39.     "<u>Petition Date</u>" shall mean the date upon which the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11, United States Code.

40.     "<u>Plan</u>" shall mean this Chapter 11 Plan of Reorganization, including all exhibits to this Plan, either in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Code and the Federal Rules of Bankruptcy Procedure.

41. "<u>Priority Claim</u>" shall mean a Claim entitled to priority against the Estate under §507(a), except for those Claims arising under §507(a)(8). Priority Claims do not include any Claims incurred after the Order for Relief Date.

42. "<u>Priority Tax Claim</u>" shall mean a Claim entitled to priority against the Estate under §507(a)(8). Priority Tax Claims do not include any Claims incurred after the Order for Relief Date.

43. "<u>Professional</u>" shall mean a person retained in the Chapter 11 Case by separate Bankruptcy Court order pursuant to §§327 and 1103 of the Bankruptcy Code or otherwise, but not including any person retained pursuant to the Ordinary Course Professionals Order.

44. "<u>Proof of Claim</u>" means a proof of claim filed by a holder of a Claim in accordance with the Bar Date Order.

45. "<u>Reorganized Debtor</u>" shall mean the Debtor, as reorganized.

46. "<u>Schedules</u>" means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor pursuant to §521 of the Bankruptcy Code, as such schedules and statements have been or may be supplemented, modified or amended from time to time.

47. "<u>Secured Creditor</u>" shall mean any Creditor holding a lien, security interest, or other encumbrance which either (a) had been properly perfected, as required by law, with respect to the property owned by the Debtor on the Petition Date, or (b) which had been conveyed to that Creditor following the date of the Petition and approval by the Court; and which is neither subject to a pending proceeding seeking to vacate or disallow it nor vacated or disallowed by court order or operation of law.

48. "<u>Secured Parties</u>" shall mean all Secured Creditors referenced in this Plan.

49. "<u>Unimpaired</u>" refers to any Claim or Interest that is not Impaired.

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

**B.      RULES OF CONSTRUCTION**

1.      The rules of construction set forth in §102 of the Bankruptcy Code apply to this Plan.

2.      Bankruptcy Rule 9006(a) applies when computing any time period under this Plan.

3.      For the purpose of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined in Article I, Paragraph A above, shall have the meanings assigned to them under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

4.      Whenever the context requires, terms contained and defined herein shall include the plural and the singular number. The masculine gender as used in the Plan shall, unless the context otherwise requires, include the feminine gender, and the feminine gender shall likewise include the masculine.

5.      Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

6.      Unless otherwise indicated, the phrase "under the Plan", "hereunder", "herein", "hereto" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan.

7.      Unless otherwise specified, all references to "Articles" or "Paragraphs" are references to this Plan's Articles or Paragraphs.

**ARTICLE II – OBJECTIVE OF THE REORGANIZATION**

The Debtor is seeking to:

1.      Sell the commercial property.

2.      Pay all secured creditors in full at closing.

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

3. Pay its non-insider general unsecured creditors in full.

4. Pay its insider general unsecured creditors in full.

5. Pay all Administrative Creditors in full.

**ARTICLE III – POST CONFIRMATION OPERATIONS**

By this Plan the Debtor is seeking to sell the commercial property.

**A. THE DEBTOR**

The Debtor is Sedona Vineyards, LLC.

**B. COMPENSATION OF POST CONFIRMATION MANAGEMENT**

Douglas Edgelow owns 63.19% of the Debtor. Trang Tran owns 30.2% of the Debtor. Kelly Wood owns 6.53% of the Debtor. They do not receive compensation from the debtor.

**ARTICLE IV – ANTICIPATED POST CONFIRMATION LITIGATION**

The Debtor has entered into a Stipulated Order with Beaver Creek Golf Resort, LLC, who is the largest secured creditor in the case. The Debtor will object to and litigate any Claims it determines should not be allowed by the Court.

**ARTICLE V – BACKGROUND AND EVENTS LEADING TO THE CHAPTER 11**

Sedona Vineyards, LLC owns 4250 N. Montezuma Ave., Lake Montezuma, AZ 86335, consisting of 8 contiguous parcels of real property located in an unincorporated portion of Yavapai County, located fifteen miles southeast of Sedona, Arizona, on what was years ago a golf course named Beaver Creek Golf Course. These eight parcels include 108 acres, the old club house, a residential house, and a few buildings previously used in operating the now defunct golf course:

405-01-020P (0.66 ACRES)

405-01-022H (64.38 ACRES)

405-01-375B (38.61 ACRES)

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

9

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

405-06-204 (0.23 ACRES)

405-07-225 (0.16 ACRES)

405-07-241 (0.15 ACRES)

405-57-010 (0.70 ACRES)

405-57-091 (3.84 ACRES)

The Debtor is owned by Douglas Edgelow, Trang Tran, and Kelly Woods. The Debtor filed its present bankruptcy case on October 25, 2024. On the same day as the Petition Date, approximately 4-5 hours prior to the present case being filed, the Debtor's previous Chapter 11 bankruptcy case, pending at case number 2:24-bk-07991-MCW, was dismissed for the Debtor's failure to file its schedules and statements. Prior to the filing of the Debtor's First Chapter 11 Case, Beaver Creek Resort, LLC initiated a deed of trust sale concerning Debtor's real property located in Yavapai County.

On January 20, 2025, the Debtor filed an *Application by Debtor to Employ and Appoint Real Estate Agents*. The commercial property is being listed for $11,650,000.00.

**ARTICLE VI – ASSUMPTION OF EXECUTORY CONTRACT AND LEASE**

There are no executory contracts or leases.

**ARTICLE VII – DEFINITION AND TREATMENT OF CLAIMS**

**A.      SUMMARY OF CLASSIFICATION OF CLAIMS AND INTERESTS**

| CLASS | DESCRIPTION | IMPAIRED? | VOTING STATUS |
|-------|-------------|-----------|---------------|
| None | Allowed Administrative Claims | N/A | Not Entitled to Vote |
| Class One | Allowed Secured Claim of Beaver Creek Resort, LLC | Yes | Entitled to Vote |
| Class Two | Allowed Secured Claim of the Yavapai County Treasurer | Yes | Entitled to Vote |
| Class Three | Allowed General Unsecured Claims | Yes | Entitled to Vote |
| Class Four | Allowed Insider General Unsecured Claims | Yes | Entitled to Vote |

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM THAT IS NOT AN ALLOWED CLAIM, AND NO DISTRIBUTION WILL

10

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

BE MADE ON ANY CLAIM SUBORDINATED TO OTHER CLAIMS PURSUANT TO AN ORDER OF THE COURT, EXCEPT AS MAY BE CONSISTENT WITH SUCH SUBORDINATION.

The treatment in this Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding a claim or an interest may have in or against the Debtor, the Estate, or their respective property. This treatment supersedes and replaces any agreements those entities may have in or against the Debtor, the Estate, or their respective property.

**B.     AMOUNTS OF CLAIMS AND INTERESTS**

Because certain of the Claims and Interests treated under this Plan are in unknown or undetermined amounts, the amounts of Claims and Interests specified in the Plan reflect only the Debtor's best estimate as of the date hereof.

1.     <u>Classification and Treatment of Claims and Interests Under the Plan.</u>

The treatment of Claims and Interests in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding an Allowed Claim or an Allowed Interest may have in or against the Debtor, the Estates, or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtor, the Estate, or their respective property. Douglas Edgelow owns 63.19% of the Debtor. Trang Tran owns 30.2% of the Debtor. Kelly Wood owns 6.53% of the Debtor. Douglas Edgelow, Trang Tran, and Kelly Wood will remain the owners of the Reorganized Debtor.

(a)     Unclassified Claims – Under the Plan, Allowed Administrative Claims, Allowed Priority Claims and Allowed Priority Tax Claims, as of the Effective Date of the Plan constitute Unclassified Claims and shall be treated as set forth below:

11

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

(i)　　Allowed Administrative Claims - The holders of Allowed Administrative Claims against the Debtor (excluding Claims described in 11 U.S.C. §507(a)(8)) shall be paid in full, upon the closing of the exit financing.

(ii)　　Allowed Priority Tax Claims – There are no filed or existing Priority Tax Claims.

(iii)　　Classified Claims - Under the Plan, Allowed Secured Claims and Allowed Unsecured Claims constitute Classified Claims which are placed into the respective classes in the table set forth above. The Claims in above-described classes are treated under the Plan as follows:

1.　　Class One: This Class shall consist of the Allowed Secured Claim of Beaver Creek Golf Resort, LLC. The Debtor shall pay Beaver Creek Golf Resort, LLC the full amount owed on the Close Date of the sell of the commercial property under the terms of Beaver Creek's loan(s) to Debtor plus attorney's fees, costs, and interest. As of November 24, 2024, Debtor owed Beaver Creek $2,144,259.57 as follows: (1) Stipulated amount due as of September 13, 2024, per 4th Amended and Restated Forbearance Agreement: $2,040,476.95; (2) 14% Default Interest 9/13/24-11/24/24: $56,339.84 – Plus a daily rate of $793.52 thereafter (at closing, Beaver Creek shall provide a final payoff statement for the amount owed on the Close Date to the title company handling Debtor's DIP Financing loan; (3) Ambrosio Forbearance & Foreclosure Legal: $15,416.25; (4) Fees and Costs (posting, trustee sale guarantee, caller fees, recording, etc.): $2,466.33; Miscellaneous 3rd party fees - Account Servicing; $470; (5) RLL bankruptcy related fees and costs of $28,296.68; and (6) a credit to Debtor totaling $34,000 under the original purchase agreement and addendum thereto.

Class Two: This Class shall consist of the Allowed Secured Claim of Yavapai County Treasurer. The Yavapai County Treasurer shall be paid in full, pursuant to its Proof of Claim, the amount of $11,161.20, at closing of the sale of the commercial property.

Class Three: This Class shall consist of Allowed Non-Insider General Unsecured Claims. The Non-Insider General Unsecured Claims shall be paid in full at closing of the sale of the commercial property.

Class Four: This Class shall consist of the Insider General Unsecured Claims of Dixon Construction Services, Douglas Edgelow, Innes Construction, LLC, and Patricia Edgelow. The Insider General Unsecured creditors shall be paid in full at closing of the sale of the commercial property.

2. Amounts of Claims and Interests.

Because certain of the Claims and Interests treated under the Plan are unknown or undetermined amounts, the amounts of Claims and Interests specified in the Plan reflect only the Debtor's best estimate as of the date hereof.

3. Disputed Classified Claims.

The Debtor may file on or before sixty (60) days after the Effective Date of the Plan (a) an objection to any Claim, (b) a motion to determine the extent, priority, or amount of any secured or other Claim, or (c) a complaint to determine the validity, priority or extent of any lien or other interest in property of the Debtor's Estate. Copies of responsive pleadings to all such objections, motions or complaints must be served upon the Debtor's attorney, Ronald J. Ellett, Ellett Law Offices, PC, 2999 N. 44th Street, Suite 330, Phoenix, Arizona 85018.

C. IDENTIFICATION OF CLASSES IMPAIRED BY THE PLAN

The Debtor believes that Class 1, Class 2, Class 3, and Class 4, created by the Plan, are considered Impaired pursuant to 11 U.S.C. §1124 and are therefore entitled to vote on the Plan.

ARTICLE VIII – OWNERSHIP OF THE DEBTOR'S ASSETS

Except as set forth in Section A above, as of the Effective Date of the Plan, the property, and all Claims of the bankruptcy estate, shall be vested in the Reorganized Debtor. Douglas Edglow

13

*ELLETT LAW OFFICES*
2999 North 44ᵀᴴ Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

will own 63.19% of the Reorganized Debtor. Trang Tran will own 30.2% of the Reorganized Debtor. Kelly Wood will own 6.53% of the Reorganized Debtor. In addition, except as otherwise provided in the Plan or the Confirmation Order, entry of the Confirmation Order shall vest in Debtor, as of the Effective Date, all assets acquired pursuant to this Plan. Upon such transfer, the Reorganized Debtor shall own all such property free and clear of all liens, Claims and Interests of any person or entity, except as specifically provided in the Plan or the Order Confirming the Plan. Notwithstanding the foregoing if confirmation is entered pursuant to §1191(b) then revesting shall be consistent with 11 U.S.C. §1186.

## ARTICLE IX – SATISFACTION OF CLAIMS AND INTERESTS

All classes of Allowed Claims and Allowed Interests shall receive the distributions set forth herein on account of and in complete satisfaction of those Allowed Claims and Interests. Without limiting the foregoing, upon the Effective Date of the Plan, each holder (and each successor of a holder) of a Claim or an Interest shall be deemed to have waived, relinquished and released any and all of its rights and Claims against the Debtor and any and all liens in or against its Collateral in exchange for the consideration provided by this Plan, except as provided in the Plan or the Order Confirming the Plan.

## ARTICLE X – BINDING NATURE OF THE PLAN

Upon the entry of the Order Confirming the Plan, the Plan shall bind the Debtor, all entities that are to acquire any property under the Plan, all Creditors, and all Equity Security Holders, whether or not their Claims and Interests are impaired under the Plan and whether or not they have accepted the Plan, as determined by §1141(a) of the Bankruptcy Code.

This means, in part, that, except as provided by an express order of the Bankruptcy Court or pursuant to the terms of the Plan or the Order Confirming the Plan, all judicial, administrative or other actions or proceedings pending against the Debtor shall be permanently enjoined.

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

**ARTICLE XI – DISCHARGE**

If the Plan is confirmed under §1191(a), then upon the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in §1141 (d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i) imposed by this Plan; or

(ii) excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Plan is confirmed under §1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first three years of this Plan, or as otherwise provided in §1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first three years of the plan, or as otherwise provided in §1192; or

(ii) excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Pursuant to §524(e) of the Code, any discharge granted in any order confirming the Plan, will not affect the liability of any non-debtor person or entity on, or the property of any non-debtor person or entity for, such debt.

**ARTICLE XII – IMPLEMENTATION OF THE PLAN**

The Plan will be implemented, in part, as follows:

1. The Debtor shall sell the commercial property and pay the secured claim of Beaver Creek Golf Resort, LLC and the Yavapai County Treasurer in full at closing. The Debtor shall pay

15

the Non-Insider General Unsecured Creditors in full. The Debtor shall pay the Insider General Unsecured Creditors in full. The Debtor shall pay all administrative claims in full.

2.      Except as set forth in Article VIII, Section A above, as of the Effective Date of the Plan, the property, and all Claims of the bankruptcy estate, shall be vested in the Reorganized Debtor. In addition, except as otherwise provided in the Plan or the Confirmation Order, entry of the Confirmation Order shall vest in Debtor, as of the Effective Date, all assets acquired pursuant to this Plan. Upon such transfer, the Reorganized Debtor shall own all such property free and clear of all liens, Claims and Interests of any person or entity, except as specifically provided in the Plan or the Order Confirming the Plan.

3.      The Subchapter V Trustee will continue to act as Trustee post confirmation if the plan is confirmed pursuant to §1191(b). After the Effective Date, the Trustee will invoice the Reorganized Debtor monthly for services the Trustee provides under the Plan, at the same hourly rate as may be approved by the Court for services the Trustee renders prior to confirmation of the Plan.  The terms of payment for any such invoices shall be on ordinary business terms as agreed by the Trustee and Debtor.


**ARTICLE XIII – MODIFICATION OF AND AMENDMENTS TO THIS PLAN**

Prior to the entry of the Order Confirming this Plan, The Debtor may propose amendments or modifications in accordance with 11 U.S.C. §1193(a). After confirmation, the Debtor may amend this Plan in the manner provided by §1193(b) of the Bankruptcy Code.

The Bankruptcy Court may, at any time, so long as it does not materially or adversely affect the interests of Creditors and Equity Interest Holders, remedy defects and omissions or reconcile any inconsistencies herein or in the Order Confirming the Plan as may be appropriate to effectuate this Plan.

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

16

**ARTICLE XIV – RETENTION OF BANKRUPTCY COURT JURISDICTION**

Following confirmation of the Plan, the Bankruptcy Court shall retain, without limitation, jurisdiction to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Bankruptcy Court will retain jurisdiction, until the Plan is fully consummated, for the following purposes:

1. Deciding the proper classification of any Claim, determining the proper allowance subordination and liquidation for purposes of distribution of claims estimated for purposes of voting, and resolving objections to Claims and Interests, and the reexamination of Allowed Claims for purposes of determining acceptances at the time of Confirmation, and the determination of such objections as may be filed. The failure by the Debtor to object to or to examine any Claim for the purpose of determining Plan acceptance, shall not be deemed to be a waiver of any right to object to or reexamine any Claim in whole or in part;

2. Resolving all disputes regarding title to assets of the Debtor and all disputes arising under the Bankruptcy Code and to determine all questions and disputes regarding assets of the Estate, and all causes of action, controversies, disputes, or conflicts, known or unknown, whether or not subject to action pending as of the Confirmation Date, between Debtor or the Reorganized Debtor and any other party, including but not limited to, the right to recover assets, avoid transfers, recover fraudulent transfers, offset Claims, recover money or property from any party or return assets which were or are the property of the Estate or asset of the Debtor existing as of the date of the Final Confirmation Order pursuant to the provisions of the Bankruptcy Code;

3. Hearing all matters and deciding all issues regarding the prosecution by the Debtor of any complaints or causes of action and preference claims against any person and such jurisdiction shall continue after the closing of this case;

17

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

4. Correcting of any defect, curing any omission, or reconciling any inconsistency between the Plan and the Order Confirming the Plan as may be appropriate to effectuate the purposes and intent of the Plan;

5. Modifying the Plan after Confirmation;

6. Determining the appropriateness of the release of any lien;

7. Enforcing and interpreting the terms and conditions of the Plan, or any other documentation effectuating the Plan and all controversies and disputes that may arise in connection with the enforcement, interpretation or consummation of the Plan;

8. Resolve any claims or causes of action, including any avoidance actions arising by operation of U.S.C. §§542 through 551, against any Creditors or Equity Security Holders held by the Debtor, or any Creditors of the Debtor;

9. Determining any Claim entitled to priority under §507 of the Bankruptcy Code;

10. Entering any order required to close the Debtor's case;

11. Determining all matters relating to the assumption, assignment, or rejection of executory contracts and unexpired leases, including Claims for damages from the rejection of any executory contract or unexpired lease within such time as the Bankruptcy Court may direct;

12. The Bankruptcy Court may liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent, disputed, or unliquidated Claims;

13. The Court may shorten or extend, for cause, the time fixed for doing any act or thing under the Plan, on such notice as the Bankruptcy Court shall determine to be appropriate;

18

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

14.     The Court may enter any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights, and powers as the Bankruptcy Court may deem appropriate;

15.     The Court may determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Bankruptcy Code; and

16.     The Court will retain jurisdiction to enter a Discharge Order.

## ARTICLE XV – PREFERENCE PAYMENTS

There were no preference payments made prior to the filing of the Petition.

## ARTICLE XVI – LIQUIDATION ANALYSIS

| ASSET | VALUE | LIEN | REMAINING |
|---|---|---|---|
| RESTAURANT FURNISHINGS & EQUIPMENT - CONSISITING OF: 1 DESK, 6 FILING CANINETS, 1 BOOKSHELF, 20 BRANDING IRONS, 150 COOKING POTS AND PANS, 120 DINING CHAIRS, 20 DINING TABLES, 90 FOLDING CHAIRS, 600 KITCHEN PLATES AND UTENSILS, 40 MISC. COOKING INGREDIENTS, 25 MISC. KITCHEN EQUIPMENT, 2 PIANOS, 10 PICTURES, 15 ROUND TABLES, 1 STEREO SYSTEM, 6 ARM CHARIS, 10 BAR EQUIPMENT ITEMS, 10 BAR STOOLS, 150 GLASSES, 6 HIGH TOP TABLES, 24 HIGH TOP STOOLS | $200,000.00 | N/A | $200,000.00 |
| RESTAURANT AND OFFICE SUPPLIES | $15,000.00 | N/A | $15,000.00 |
| VARIOUS HISTORIC PHOTOGRAPHS, FURNITURE AND ART OBJECTS | $150,000.00 | N/A | $150,000.00 |
| KUBOTA TRACTOR | $15,000.00 | N/A | $15,000.00 |
| RIDING LAWN MOWER | $1,000.00 | N/A | $1,000.00 |
| SMALL TOOLS, PARTS FOR TRACTOR AND MOWER | $500.00 | N/A | $500.00 |
| GOLF COURSE EQUIPMENT | $10,000.00 | N/A | $10,000.00 |
| 4250 N. MONTEZUMA AVE. LAKE MONTEZUMA, AZ 86335 | $6,500,000.00 To | Beaver Creek Golf Resort, LLC | $4,344,579.30 |

19

| | | | |
|---|---|---|---|
| CONSISTING OF 8 CONTIGUOUS PARCELS OF REAL PROPERTY LOCATED IN AN UNICORPORATED PORTION OF YAVAPAI COUNTY, LOCATED FIFTEEN MILES SOUTHEAST OF SEDONA, ARIZONA, ON WHAT WAS YEARS AGO A GOLF COURSE NAMED BEAVER CREEK GOLF COURSE. THESE EIGHT PARCELS INCLUDE 108 ACRES, THE OLD CLUB HOUSE, A RESIDENTIAL HOUSE, AND A FEW BUILDINGS PREVIOUSLY USED IN OPERATING THE NOW DEFUNCT GOLF COURSE: 405-01-020P (0.66 ACRES) 405-01-022H (64.38 ACRES) 405-01-375B (38.61 ACRES) 405-06-204 (0.23 ACRES) 405-07-225 (0.16 ACRES) 405-07-241 (0.15 ACRES) 405-57-010 (0.70 ACRES) 405-57-091 (3.84 ACRES) | $11,650,000.00 | ($2,144,259.57) and Yavapai County Treasurer ($11,161.20) | |
| | | **TOTAL:** | **$4,726,079.30** |

**Chapter 7 Reconciliation**

(a)  Value of Debtor's interest in unencumbered property          $4,726,079.30

(b)  Plus: Value of property recoverable under 11 U.S.C. §547 avoidance powers   $        0.00

(c)  Less: Estimated Chapter 7 administrative expenses
    a.    Trustee's Fees                                        $ 165,032.37
    b.    Chapter 7 Trustee Attorney Fees                      $    5,000.00
    c.    Costs of Sale (10%)                                  $ 472,607.93

(d)  Less: Amount payable to unsecured, priority creditors        $        0.00

(e)  Less: Chapter 11 Administrative Fees                          $  50,000.00

(f)  Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7          $ 4,033,439.10

**Chapter 11**

Case 2:24-bk-09126-BMW    Doc 57    Filed 01/22/25    Entered 01/22/25 12:51:25    Desc
Main Document        Page 22 of 25

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

| | | |
|---|---|---|
| 1 | Payment to Secured Creditors at closing | $2,155,420.77 |
| 2 | Payment to General Unsecured Creditors through plan | $1,138,432.79 |
| 3 | Chapter 11 Administrative Fees | |
| 4 | | $50,000.00 |
| 6 | | **$3,343,853.56** |

Less:
(a)  Secured Claim of Beaver Creek and Yavapai County Treasurer $2,155,420.70
(b)  Amount payable to unsecured priority Creditors 0.00
(c)  Amount payable to unsecured, nonpriority Creditors $1,138,432.79

**ARTICLE XVII – FEASIBILITY AND REMEDIES UPON CONFIRMATION**

Should this Case proceed to Confirmation under 11 U.S.C. §1191(b), Debtor submits that this Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that is impaired under, and has not accepted the Plan. The Debtor further submits that it will be able to make all payments under the Plan or there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan. Unless otherwise specified under this Plan or pursuant to a separate Court Order, the Debtor's failure to make any payment due under the Plan within fifteen (15) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment. Any event of default occurring with respect to one (1) claim shall not be an event of default with respect to any other claim. If any default is cured within said thirty (30) day cure period, then the Creditor shall not be entitled to enforce any remedies which would be otherwise available on account of the default. In the event the Debtor does not cure the default, the Debtor reserves the right to seek modification of this Plan pursuant to 11 U.S.C. §1193, if applicable. In the event Debtor fails to cure the default or to obtain

21

a modification of the Plan, the creditors or the Subchapter V trustee have the right to petition the Court to convert the case to a Chapter 7 liquidation case. In the event of any conversion to a Chapter 7 proceeding, all property that would be deemed estate property pursuant to 11 U.S.C. §1186, shall be estate property in the Chapter 7 proceeding. Any Notice of Default must be sent in writing to both the Debtor and the Debtor's counsel, and to the Subchapter V trustee, at the addresses listed below:

Douglas Edgelow
2024 N. 7th St., Ste. 20
Phoenix, Arizona 85006

Ronald J. Ellett
Ellett Law Offices, PC
2999 N. 44th St., Suite 330
Phoenix, AZ 85018

Dawn Maguire
Subchapter V Trustee
10115 E. Bell Road, Suite 107, #498
Scottsdale, Arizona 85260

**ARTICLE XVIII – EXCULPATION AND LIMITATION OF LIABILITY**

Pursuant to 11 U.S.C. §1107, the Debtor's fiduciaries are provided statutory qualified immunity for those instances they step into the shoes of a Chapter 11 Trustee during the administration of this Case. This same qualified immunity is thereby imputed to the Debtor's bankruptcy Professionals authorized by the Bankruptcy Court to provide services on behalf of this Bankruptcy Estate. This qualified immunity is limited in nature. It only pertains to actions taken by the Debtor's fiduciaries and its authorized Professionals from the Petition Date, through the Confirmation Date, upon which date a Chapter 11 trustee's duties and responsibilities to the Bankruptcy Estate are terminated by statute. The qualified immunity is only applicable to those actions taken by the Debtor's fiduciaries and its authorized bankruptcy Professionals for actions that are necessary to the administration of the Bankruptcy Case. Qualified immunity shall not extend to

22

ELLETT LAW OFFICES
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

ordinary business transactions of the Debtor. This qualified immunity is equal to the same protection afforded a bankruptcy trustee and such trustee's professionals. *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1359 (9th Cir. 1983); *In re Castillo*, 248 B.R. 153, 157 (9th Cir. BAP 2000); and *In re Kashani*, 190 B.R. 875, 883 (9th Cir. BAP 1995). Finally, in recognition of the applicability of the Barton Doctrine, any party seeking to bring an action against a fiduciary of the Debtor, or its authorized professionals, for actions arising from or related to this bankruptcy proceeding, must seek permission of the bankruptcy court before commencing a lawsuit in another forum. see *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005); see also *In re Kashani*, 190 B.R. at 885.

## ARTICLE XIX – REQUEST FOR CONFIRMATION

The Debtor requests entry of an Order confirming the Plan pursuant to §1191 of the Bankruptcy Code.

**RESPECTFULLY SUBMITTED** this 21st day of January, 2025.

**ELLETT LAW OFFICES, PC**

*/s/ Ronald J. Ellett*
Ronald J. Ellett
2999 North 44th Street, Suite 330
Phoenix, Arizona 85018

The above Chapter 11 Subchapter V Plan is
approved as to form and content:

_____
Douglas Edgelow
for Sedona Vineyards, LLC

23