## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY

### *Hearing Information*

Bankruptcy Judge:                      The Honorable Brenda Moody Whinery
Case Number:                           2:24-bk-09126-BMW
Debtor(s):                             SEDONA VINEYARDS LLC
Chapter:                               11
Date and Time:                         01/28/2025 10:30 AM
Location(s):                           Videoconference
Courtroom Clerk:                       Rebecca Volz
Electronic Court Recording Operator:   Wesley Stangret

### *Matter(s)*

1. MOTION TO APPROVE BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019
R/M: 43 / 50

2. CONTINUED PRELIMINARY HEARING ON BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d) (CONT. FROM 12/18/2024)
R/M: 36 / 50

3. APPLICATION BY DEBTOR FOR AUTHORITY TO EMPLOY AND APPOINT REAL ESTATE AGENTS (SET ON THE COURT'S OWN MOTION)
R/M: 54 / 58

### *Appearances*

RON ELLETT, REPRESENTING SEDONA VINEYARDS, LLC AND APPEARING BY VIDEOCONFERENCE
DAWN MAGUIRE, SUBCHAPTER V TRUSTEE, APPEARING BY VIDEOCONFERENCE
PATTY CHAN, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
TED WITTHOFT, REPRESENTING BEAVER CREEK GOLF RESORT, LLC AND APPEARING BY VIDEOCONFERENCE

### *Proceedings*

ITEM 1: MOTION TO APPROVE BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019

ITEM 2: CONTINUED PRELIMINARY HEARING ON BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d)

ITEM 3: APPLICATION BY DEBTOR FOR AUTHORITY TO EMPLOY AND APPOINT REAL ESTATE AGENTS

Mr. Ellet provides a status update. The purpose of Motion to Approve Settlement was to get Debtor into a position that would allow the Court to approve financing. The proposed financing would have paid the Beaver Creek claim by the end of March. The financing motion was denied after the Court shared its concerns regarding the financing fees etc. and indicated that financing may be

appropriate as exit financing. Debtor shared the Court's concerns and discussed the possibility of exit financing with the lender and the lender walked away. There is no financing in process at this time. Debtor has shifted course and is now seeking to sell the property which is why the Motion to Employ Real Estate Agents was filed. The broker believes that $11.65 million is a reasonable asking price for the property given the preapproval from Hilton.

The Court asks if Debtor is still seeking approval of the settlement.

Mr. Ellet reports that Debtor would only seek approval of the settlement if the Court is inclined to find that 11 U.S.C. § 362(n) applies. His client takes the position that the stay was in effect upon filing. He requests that the Court deny Beaver Creek's Motion to Declare Stay Inapplicable pursuant to 11 U.S.C. § 362(n) and to Lift Stay and grant Debtor's Application to Employ Real Estate Agents.

Mr. Witthoft responds. The settlement allows Debtor to refinance or sell the property by the end of March. The settlement was not tied to Debtor's financing. He requests that the Court approve the settlement because it was negotiated in good faith. Debtor has until March 31, 2025 to sell the property.

The Court states that Debtor's counsel has indicated that Debtor may not want to proceed with the settlement any longer.

The Court discusses its concerns. As raised at the last hearing, the property is not titled to Debtor. There is currently a Trustee's Deed held in the name of Mr. Witthoft's client. It is unclear how Debtor could obtain financing or proceed with a sale without title. The Trustee's Sale was conducted five days after this case was filed. Normally, there is a turnover motion in these circumstances, but there is no motion for turnover pending.

The Court states that the proposed settlement is a two-party settlement and there are over $400,000.00 of other claims. It does not appear that the settlement provides for any recovery for any other creditors. The releases as drafted would prevent a Chapter 7 trustee from looking at this deal if the case converts to a Chapter 7. Both parties have indicated that there is a lot of equity so it may be beneficial to convert this case to a Chapter 7. The settlement requires Debtor to pay the property taxes, but it is unclear what would occur in the event of a default after the payment. Debtor has no means to effectuate the settlement. It is unclear how this settlement benefits the estate and the Court is not inclined to approve this settlement.

The Court discusses Beaver Creek's Motion to Declare Stay Inapplicable pursuant to 11 U.S.C. § 362(n) or to Lift Stay. On its face, 11 U.S.C. § 362(n) does not apply. There may be questions of fact and law that would allow the Court to find that § 362(n)(1)(A) or § 362(n)(1)(B) does apply, but evidence would be required before the Court could make that determination. A determination with respect to relief from stay would also require evidence.

COURT: THE 9019 SETTLEMENT IS NOT APPROVED. EVIDENCE IS NEEDED IN ORDER FOR THE COURT TO MAKE A DETERMINATION WITH RESPECT TO BEAVER CREEK GOLF RESORT, LLC'S MOTION 1) TO DECLARE STAY INAPPLICABLE, PURSUANT TO 11 U.S.C. § 362(n); OR ALTERNATIVELY, 2) TO LIFT STAY AGAINST PROPERTY, PURSUANT TO 11 U.S.C. § 362(d).

Mr. Ellet states that Debtor is no longer pursuing the proposed settlement.

Mr. Witthoft requests that the Court set a final hearing with respect to stay relief.

The Court states that both parties are seeking to sell the property. There is the way for the parties

to get to some relief without extensive litigation, but not as proposed in the settlement because the property is held by Mr. Witthoft's client.

Mr. Witthoft agrees. The property is currently titled to his client and the parties had intended to clear up title as part of the settlement through the financing. He hopes that an agreement can be reached. His client is concerned that the property may not be insured.

Mr. Ellet reports that Debtor will be pursuing a stay violation unless the property is transferred back to Debtor.

The Court discusses its concerns with respect to the Debtor's Application to Employ Real Estate Agents. It is unclear how the Court can approve employment of brokers when Debtor does not hold title.

Mr. Ellet states that Debtor takes the position that the Trustee's Sale is void and the Trustee's Deed is void. He argues that Debtor holds title to the property.

Ms. Chan argues that it may be beneficial to expand Ms. Maguire's powers in order to facilitate a sale.

The Court states that the case may be dismissed or converted if a resolution can't be reached.

The Court states that it can expand Ms. Maguire's powers. Ms. Maguire has the ability to intervene in the discussions without an expansion of powers.

Ms. Maguire reports that the parties locked her out of settlement discussions because they were worried about the discussions not being privileged. She asks that the Court remind the parties that she should be involved in settlement discussions.

The Court states that if the parties are not going to utilize the Subchapter V trustee, then it defeats the purpose of filing a Subchapter V.

COURT: THE COURT HIGHLY RECOMMENDS THAT THE PARTIES INCLUDE MS. MAGUIRE IN THEIR DISCUSSIONS. THE COURT WILL CONSIDER THE U.S. TRUSTEE'S REQUEST TO EXPAND MS. MAGUIRE'S POWERS. THE PARTIES ARE TO MEET AND CONFER PRIOR TO THE NEXT HEARING. A STATUS HEARING REGARDING THE CASE AND STATUS HEARINGS REGARDING ALL OF THE MATTERS ON CALENDAR TODAY ARE SET FOR FEBRUARY 11, 2025.


**SUBSEQUENT TO THE HEARING**
COURT: THE STATUS HEARINGS ARE RESCHEDULED TO FEBRUARY 11, 2025 AT 10:45 A.M. ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 161 063 8608 AND THE PASSCODE IS 696031.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM CLERK REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST ONE (1) BUSINESS DAY PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.