Ronald J. Ellett, Esq. (Bar No. 012697)
Ellett Law Offices, PC
2999 N. 44th Street, Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510

*Attorney for **Debtor***

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re:

SEDONA VINEYARDS LLC,

Debtor.

In Proceedings Under Chapter 11, Subchapter V

Case No. 2:24-bk-09126-BMW

**MOTION TO APPROVE BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019**

Sedona Vineyards LLC ("Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, hereby moves this Court for approval of a settlement agreement (the "Settlement Agreement") with Beaver Creek Golf Resort, LLC ("Beaver Creek"). This Motion is supported by the following Memorandum of Points and Authorities. The entire terms of the Settlement Agreement are set forth below in Section III, "Terms of Settlement."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  General Background**

1. The Debtor filed this Chapter 11 Subchapter V bankruptcy on October 25, 2024. The debtor's pervious Chapter 11 bankruptcy (2:24-bk-07991-MCW) was dismissed, hours prior to the present case being filed, for the Debtor's failure to file its schedules and statements.

2. Prior to the filing of the Debtor's first Chapter 11 case, Beaver Creek initiated a trustee's sale for the Debtor's commercial real property located in Yavapai County.

3. The deed of trust sale was stayed based upon the First Chapter 11 Case. The deed of trust property was then continued to October 31, 2024.

1

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

4. The deed of trust sale of the Real Property was concluded on October 31, 2024, and the Trustee Deed was recorded that same day.

5. On November 24, 2024, Beaver Creek filed *Beaver Creek Golf Resort, LLC's Motion to Declare Stay Inapplicable, Pursuant to 11 U.S.C. §362(n); or, Alternatively, to Lift Stay Against Property, Pursuant to 11 U.S.C. §362(d)* (Docket No. 36). The Debtor disputes Beaver Creek's assertions and alleges the deed of trust sale was void and there are not grounds to lift the stay.

6. Beaver Creek and the Debtor have agreed to resolve the issues concerning the Real Property and any and all claims they may have against each other under the terms set forth herein ("Stipulation").

## II. The Existing Disputes Between Beaver Creek and the Debtor

1. Beaver Creek filed *Beaver Creek Golf Resort, LLC's Motion to Declare Stay Inapplicable, Pursuant to 11 U.S.C. §362(n); or, Alternatively, to Lift Stay Against Property, Pursuant to 11 U.S.C. §362(d)* (Docket No. 36). The Debtor disputes Beaver Creek's assertions and alleges the deed of trust sale was void and there are not grounds to lift the stay.

2. The Debtor contends that the amount owed to Beaver Creek is $54,000.00 less than alleged by Beaver Creek. Beaver Creek has agreed to a $54,000.00 credit. (see Stipulation attached as **Exhibit D**, **paragraph 7**)

3. Beaver Creek has indicated that without a settlement, it will oppose the confirmation of any Chapter 11 Plan. Pursuant to paragraph 18 of the Stipulation, the terms of this Stipulation shall be incorporated into an amended plan of reorganization submitted by the Debtor to the Bankruptcy Court for approval and Beaver Creek agrees to vote in favor of the plan containing the terms of this Stipulation.

2

Case 2:24-bk-09126-BMW    Doc 78-1   Filed 03/10/25   Entered 03/10/25 14:35:16   Desc
Motion to Approve Beaver Creek Settlement and Compromise Pursuant to 9019   Page 2 of 7

## III. Terms and Conditions of the Stipulation

The following terms are copied verbatim from the attached signed Stipulation:

1. On or before September 13, 2025 ("Close Date"), the Debtor shall pay Beaver Creek the full amount owed on the Close Date under the terms of Beaver Creek's loan(s) to Debtor plus attorney's fees, costs, and interest. As of November 24, 2024, Debtor owed Beaver Creek $2,143,466.05 as follows: (1) Stipulated amount due as of September 13, 2024, per 4th Amended and Restated Forbearance Agreement: $2,040,476.95; (2) 14% Default Interest 9/13/24-11/24/24: $56,339.84 (3) Ambrosio Forbearance & Foreclosure Legal: $15,416.25; (4) Fees and Costs for posting, trustee sale guarantee, caller fees, recording, etc.: $2,466.33; Miscellaneous 3rd party fees - Account Servicing; $470; (5) RLL bankruptcy related fees and costs of $28,296.68; Interest accrues at a daily rate of $793.52 from November 25, 2024, to the closing of the Real Property. Beaver Creek shall provide a final payoff statement for the amount owed at closing to the title company handling the sale of the Real Property ("Title Company"). So long as the Debtor closes the sale of the Real Property on or before the Close Date, the Debtor shall be entitled to a credit of $54,000.00 against what Beaver Creek is owed on the date of closing.

2. Prior to the closing of the Real Property, Beaver Creek shall execute a Request for Assignment of Surface Water Filings ("Request for Assignment") in the form attached hereto as **Exhibit A** and deliver it to the Trustee to be held in trust pending closing of the sale of the Real Property. Other than Beaver Creek executing the Request for Assignment as set forth herein and delivering the executed Request for Assignment to the Trustee, Beaver Creek shall have no other responsibilities concerning the transfer of any water rights pertaining to the Real Property.

3. Immediately upon the execution of the settlement agreement, the Debtor shall provide Beaver Creek and the Trustee proof of insurance for the Real Property that covers the land, structures and personal property located on the Real Property in and amount of at least $600,000.00. The Debtor shall maintain insurance for the Real Property, structures and personal property through and including the Close Date and provide proof of insurance to the Trustee and Beaver Creek.

3

Case 2:24-bk-09126-BMW    Doc 78-1    Filed 03/10/25    Entered 03/10/25 14:35:16    Desc
Motion to Approve Beaver Creek Settlement and Compromise Pursuant to 9019    Page 3 of 7

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

4. Except as set forth herein, the Debtor and its bankruptcy estate hereby waive and release any and all claims it may now have, or ever has had, under State or Federal law, against Beaver Creek.

5. The Debtor shall immediately file a notice of bankruptcy with the Yavapai County Hearing Office at case number 25-000368 ("Yavapai County Matter") stating that the Real Property is property of the Sedona Vineyards LLC bankruptcy estate and the pending action to proceed with the Yavapai County Matter is not a violation of the automatic stay.

6. Except as set forth herein, the Debtor and this bankruptcy estate hereby waive and release any and all claims it may now have, or ever has had, under State or Federal law, against Beaver Creek and the Trustee.

7. Except as set forth herein, Beaver Creek hereby waives and releases any and all claims it may now have, or ever has had, under State of Federal law, against the Debtor, this estate, and the Trustee.

8. In the event of a default by Debtor of the terms of this Stipulation, Beaver Creek is authorized to file a notice of default with the Bankruptcy Court identifying the default(s) ("Notice of Default"). In the event the Debtor fails to cure all defaults set forth in the Notice of Default with in seven (7) days, Beaver Creek and/or the Trustee may immediately submit a form of order to the Court, which the Debtor consents may be entered by the Court, which order provides the following: (a) the case will be converted to Chapter 7; (b) the Debtor shall immediately vacate the Real Property if instructed by the Chapter 7 Trustee; and (c) the Trustee shall take control of the Real Property if it decides to do so.

9. Beaver Creek shall be authorized to amend its proof of claim within thirty (30) days of the date the Court approves this Stipulation.

10. Nothing herein shall be construed as Beaver Creek having consented to a surcharge of its lien encumbering the Real Property, pursuant to 11 U.S.C. § 506(c).

11. This Stipulation is subject to Bankruptcy Court approval, pursuant to Bankruptcy Rule 9019.

4

12. The terms of this Stipulation shall be incorporated into an amended plan of reorganization submitted by the Debtor to the Bankruptcy Court for approval and Beaver Creek agrees to vote in favor of the plan containing the terms of this Stipulation.

## IV. Approval of the Settlement

The approval of a settlement agreement is governed by the standards set forth in *In re Woodsen*, 839 F.2d 610 (9th Cir. 1988). In *Woodsen*, the court identified the following facts as being necessary to determine whether a settlement is in the estate's best interests:

(1) the probability of success in the litigation;

(2) the difficulties of collection;

(3) the complexities of the litigation and the expense, inconvenience and delay caused by such litigation; and

(4) the interest of the creditors with reasonable deference to their reasonable views.

*Woodsen*, 839 F.2d at 620.

It is submitted that the Settlement Agreement meets the *Woodsen* factors.

**The Probability of Success in the Litigation:**

Beaver's Motion for Relief from Stay argues (1) that there is no stay in place under 362(n); and alternatively (2) that the stay should be lifted for a failure to offer adequate protection payments. The 362(n) argument is novel. Beaver Creek seeks to reclassify the first bankruptcy by the debtor as a small business bankruptcy, even though it was not filed as a small business bankruptcy. This issue would be a case of first impression.

The facts of this case raise another issue of first impression. Beaver Creek claims that it continued its Trustee Sale during the first case by oral pronouncement with no one present and no written notice to the Debtor. The Debtor contends that such a procedure is a stay violation. The debtor is mindful that the 9th Circuit in the case of *In re Roach* 660 F.2d 1316 (9th Cir.) held that a

5

*ELLETT LAW OFFICES*
2999 North 44TH Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

continuation of a Trustee Sale under Alaska's statutory scheme did not violate the Automatic Stay. However, the Alaska statutory scheme requires <u>written</u> notice of the continuation date, something that is essential to due process and was not present in the facts at bar. The continuation under Arizona statutes is not merely a preservation of the status quo but instead imposes an additional burden on the Debtor to travel <u>in person</u> to the sale location and await the oral continuation information. This is not the mere preservation of the status quo, but an additional, and entirely unnecessary burden on a bankruptcy debtor. Further, *In re Roach* has been criticized by more recent decisions, including the case of *In re Lynn-Weaver,* 385 B.R. 7 (Bankr D. Mass 2008) which declined to follow its holding for other reasons.

The parties have also not been able to reach an agreement on the amount of adequate protection that is needed. The stipulation resolves this issue on favorable terms to the debtor allowing it to have the benefits of the stay through September 13, 2025 with no adequate protection payments.

**The Difficulties of Collection:**

There are no collection issues involved in this dispute, so this factor is neutral in this case.

**The Complexity of the Litigation and the Expense:**

As set forth above, there are at least two novel appellate arguments that could be pursued in this case. However, both sides desire that the matter be amicably resolved without the attorney fees that could be incurred by briefing a series of appeals. Further, a lis pendens could be filed by the appealing party, which could delay the prevailing party from moving forward. Neither side wants to see the case descend into such a legal morass.

**The Interests of the Creditors:**

This case involves the redevelopment of a former golf course encompassing 108.73 acres of land in Yavapai County. The existing loan was a seller back balloon note where the balloon has come due. The debtor has no liquid assets from which to make adequate protection payments. From

6

its outset, the success of this case rises and falls on the Debtor's ability to either quickly sell or refinance the property. The settlement with Beaver Creek gives the debtor the chance to sell or refinance the property over the next 5 and a half months. Without one of these two events, the Debtor has no chance at successful reorganization. It is in the best interest of the unsecured creditors that the Debtor enter into this deal and pursue the sale or refinance of the property. Under the Stipulation, if Beaver Creek has not been paid by September 13, 2025 then Beaver Creek shall have the right to convert the case to Chapter 7. The Chapter 7 trustee will then determine how best to proceed with the estate property.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order approving this Motion.

**DATED** this 10th day of March, 2025.

ELLETT LAW OFFICES, PC
/s/ *Ronald J. Ellett*
Ronald J. Ellett, Esq.
2999 N. 44th Street, Suite 330
Phoenix, Arizona 85018

copy of the foregoing sent via first class mail
this 10th day of March, 2025, to:

All entries on the attached Master Mailing Matrix.

/s/ *Ashley Lannon*

7