# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 Subchapter V |
| SEDONA VINEYARDS LLC, | Case No. 2:24-bk-09126-BMW |
| Debtor. | **ORDER APPROVING BEAVER CREEK SETTLEMENT AND COMPROMISE PURSUANT TO 9019** |

This matter came before the Court on the *Motion to Approve Beaver Creek Settlement and Compromise Pursuant to 9019* (Docket No. 77) (the "Motion") filed by Debtor, Sedona Vineyards LLC. The Motion has been appropriately noticed and there are no objections to the Motion.

**THE COURT FINDS** that the settlement is in the best interest of the Estate, that the settlement has been duly noticed, a hearing was held, there were no objections, and all other requirements of Bankruptcy Rule 9019 having been satisfied;

**IT IS HEREBY ORDERED** approving the Settlement Agreement.

**IT IS HEREBY ORDERED** on or before September 13, 2025 ("Close Date"), the Debtor shall pay Beaver Creek the full amount owed on the Close Date under the terms of Beaver Creek's loan(s) to Debtor plus attorney's fees, costs, and interest. As of November 24, 2024, Debtor owed Beaver Creek $2,143,466.05 as follows: (1) Stipulated amount due as of September 13, 2024, per 4th Amended and Restated Forbearance Agreement: $2,040,476.95; (2) 14% Default Interest 9/13/24-11/24/24: $56,339.84 (3) Ambrosio Forbearance & Foreclosure Legal: $15,416.25; (4) Fees and Costs for posting, trustee sale guarantee, caller fees, recording, etc.: $2,466.33;

1

Miscellaneous 3rd party fees - Account Servicing; $470; (5) RLL bankruptcy related fees and costs of $28,296.68; Interest accrues at a daily rate of $793.52 from November 25, 2024, to the closing of the Real Property. Beaver Creek shall provide a final payoff statement for the amount owed at closing to the title company handling the sale of the Real Property ("Title Company"). So long as the Debtor closes the sale of the Real Property on or before the Close Date, the Debtor shall be entitled to a credit of $54,000.00 against what Beaver Creek is owed on the date of closing;

**IT IS FURTHER ORDERED** prior to the closing of the Real Property, Beaver Creek shall execute a Request for Assignment of Surface Water Filings ("Request for Assignment") in the form attached to the Motion *to Approve Beaver Creek Settlement and Compromise Pursuant to 9019* as Exhibit A and deliver it to the Trustee to be held in trust pending closing of the sale of the Real Property. Other than Beaver Creek executing the Request for Assignment as set forth herein and delivering the executed Request for Assignment to the Trustee, Beaver Creek shall have no other responsibilities concerning the transfer of any water rights pertaining to the Real Property;

**IT IS FURTHER ORDERED** except as set forth in the *Motion to Approve Beaver Creek Settlement and Compromise Pursuant to 9019*, the Debtor and its bankruptcy estate hereby waive and release any and all claims it may now have, or ever has had, under State or Federal law, against Beaver Creek;

**IT IS FURTHER ORDERED** the Debtor and this bankruptcy estate hereby waive and release any and all claims it may now have, or ever has had, under State or Federal law, against Beaver Creek and the Trustee;

**IT IS FURTHER ORDERED** Beaver Creek hereby waives and releases any and all claims it may now have, or ever has had, under State of Federal law, against the Debtor, this estate, and the Trustee;

2

**IT IS FURTHER ORDERED** in the event of a default by Debtor of the terms of this Stipulation, Beaver Creek is authorized to file a notice of default with the Bankruptcy Court identifying the default(s) ("Notice of Default"). In the event the Debtor fails to cure all defaults set forth in the Notice of Default with in seven (7) days, Beaver Creek and/or the Trustee may immediately submit a form of order to the Court, which the Debtor consents may be entered by the Court, which order provides the following: (a) the case will be converted to Chapter 7; (b) the Debtor shall immediately vacate the Real Property if instructed by the Chapter 7 Trustee; and (c) the Trustee shall take control of the Real Property if it decides to do so;

**IT IS FURTHER ORDERED** Beaver Creek shall be authorized to amend its proof of claim within thirty (30) days of the date of this Order;

**IT IS FURTHER ORDERED** nothing herein shall be construed as Beaver Creek having consented to a surcharge of its lien encumbering the Real Property, pursuant to 11 U.S.C. § 506(c);

**IT IS FURTHER ORDERED** the terms of this Order shall be incorporated into an amended plan of reorganization submitted by the Debtor to the Bankruptcy Court for approval and Beaver Creek agrees to vote in favor of the plan containing the terms of this Order.

**SIGNED AND DATED ABOVE.**

3